# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KENNETH M. FLOWERS as Administrator of the Estate of CHRISTINE FLOWERS, Deceased; KENNETH M. FLOWERS, Individually; KAREN FLOWERS; LAWRENCE FLOWERS and ANTHONY MIMMS, | ) ) ) ) ) ) ) | C.A. No. N15C-06-281 CLS |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| CHRISTIANA CARE HEALTH SYSTEM, INPATIENT CONSULTANTS OF DELAWARE, INC. and ANURADHA AMARA, M.D., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Date Submitted: October 22, 2018
Decided: October 25, 2018

Upon Consideration of Defendant's Motion in Limine to Exclude the Opinion of Plaintiffs' Economic Expert.
**Granted**.

Michael B. Galbraith, Esquire. Law Office of A. Dale Bowers, P.A., 203 North Maryland Avenue, Wilmington, Delaware, 19804.  Attorney for Plaintiffs.

Emeka Igwe, Esquire. The Igwe Firm, 1500 Walnut Street, Suite 409, Philadelphia, PA, 19102.  Admitted *Pro Hac Vice* Attorney for Plaintiffs.

Joshua H. Meyeroff, Esquire & Richard Galperin, Esquire. Morris James LLP., 500 Delaware Avenue, Suite 1500, Wilmington, Delaware, 19801.  Attorneys for Defendants IPC Healthcare and Dr. Amara.

**Scott, J.**

1. Pursuant to Rule 702 of the Delaware Rules of Evidence, Defendant challenges the admissibility of Plaintiffs' Expert's Economic Loss Report. Defendant argues that the expert's report is not based on a proper foundation, having included only Mrs. Flowers Social Security income. Defendants state the report is factually flawed, neglecting income from her late husband's pension, and failing to account for any personal expenditures. Plaintiffs response is the expert's report was created with a sufficient basis of fact, and the admissibility of the testimony is better reserved for trial.

2. The purpose of the Actions for Wrongful Death Statute is to permit recovery of damages, not limited to pecuniary losses.[1] However, recovery in an Action for Wrongful Death include, *inter alia*, deprivation of the expectation of pecuniary benefits that would have resulted from the continued life of the deceased.[2] Pecuniary loss includes "damages for sums of money that the deceased would have contributed to the plaintiff for support had the decedent lived and the amount by which the value of Decedent's estate diminished as a result of death."[3]

---

[1] 10 *Del. C.* § 3725.
[2] 10 *Del. C.* § 3724 (d) (1).
[3] *Spencer v. Goodill*, 2009 WL 3823217, at *3 (Del. Super. Ct 2009).

3.     Although there is inherent uncertainty as to a Plaintiff's damages, when an expert is called to provide testimony as to future income, it is still required that there "be some reasonable basis upon which a jury may estimate with a fair degree of certainty the probable loss which plaintiff will sustain in order to enable it to make an intelligent determination of the extent of this loss."[4]

4.     While the factual basis of an expert's opinion generally goes to the weight of the testimony, "when the expert's opinion is not based upon an understanding of the fundamental facts of the case, […] it can provide no assistance to the jury and such testimony must be excluded."[5]

5.     Plaintiffs' expert's report only considers the estate's loss of Mrs. Flowers' Social Security income. The economic loss report does not consider pension benefits Mrs. Flowers was receiving on behalf of her late husband, and makes no accounting for Mrs. Flowers personal expenditures.

6.     Without these facts it is impossible to determine what, if any, economic loss Plaintiffs have suffered from the unfortunate passing of Mrs. Flowers. The expert's

---

[4] *Edney v. Moylan, 2012 WL 8170963*, at *3 (Del. Super. Ct. 2012).
[5] *Perry v. Berkley*, 996 A.2d 1262, 1271 (Del. 2010).

3

economic loss report, and anticipated testimony are insufficient and will not assist the jury to understand the evidence or to determine a fact in issue.

For the forgoing reasons, Defendant's Motion in Limine to Exclude the Opinion of Plaintiffs' Economic Expert is **GRANTED**.

**IT IS SO ORDERED.**

/s/ Calvin L. Scott

**Judge Calvin L. Scott, Jr.**